Wachtler, J. (dissenting).
I cannot agree with the majority that the Legislature intended section 248 of the Domestic Relations Law to be interpreted in such a narrow, technical and unrealistic manner. Ironically this is not the first time this court has frustrated the purpose of the statute by employing a literal interpretation which does not take into account current social realities.
Prior to 1938 section 1159 of the Civil Practice Act (now Domestic Relations Law, § 248) required the former wife to remarry before the court could alter the alimony decree (see, e.g., Citron v Citron, 91 Misc 2d 785, for a discussion of the legislative history). In Waddey v Waddey (290 NY 251) this provision was literally interpreted to require a ceremonial remarriage. As interpreted the statute contained a loophole which permitted a former wife to continue to collect support from her former husband although she was living with another man holding herself out to be his wife, so long as she *573 simply avoided formalizing the relationship by a marriage ceremony (Waddey v Waddey, supra).
Rejecting this interpretation the Legislature, in 1938, amended the statute to provide that the court could intervene to alter the alimony award if the former wife "is habitually living with another man and holding herself out as his wife” (L 1938, ch 161). Today the court has compounded the error by giving a technical interpretation to the liberalizing amendment. And, once again, they have read the statute in such a way as to virtually render it a dead letter by requiring a degree of formality which the majority must recognize is unrealistic in terms of current social standards and practices. Indeed the majority concedes that their interpretation of the amendment creates a new method for avoiding the statute.
A court of course cannot rewrite a statute but the statute must be given a reasonable interpretation—one which will maintain its effectiveness and carry out the legislative intent (see, e.g., McKinney’s Cons Laws of New York, Book 1, Statutes, §§ 143, 144). In my view, the amendment to the statute following the Waddey decision shows that the Legislature intended the courts to consider the extent of the wife’s new relationship without respect to formalities. They intended the courts to recognize current social realities in applying the statute. Above all they intended to close the loophole and not create a new means for avoidance.
Finally I would note that the statute does not provide for automatic modification or termination of alimony whenever the former wife is residing with a man. It simply gives the court the power to exercise sound discretion to eliminate injustice and to defuse an emotionally charged situation. Today’s decision leaves the courts powerless to relieve the former husband of the obligation of subsidizing his former wife’s affairs no matter how unfair this may be under the circumstances. It is hard to imagine that the Legislature ever intended such a grotesque result.
Accordingly I would affirm the order of the Appellate Division.
Chief Judge Breitel and Judges Jasen, Jones and Fuchs-berg concur with Judge Cooke; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judge Gabrielli, concurs.
Order reversed, etc.